Next case will be 08-1099-1100, Systems Division v. TekNek, LLC. Good morning. I'm Steven Toten. I'm here on behalf of the Chapter 7 trustee, David P. Lewis, who is actually the second successor to the Chapter 7 trustee in this case. As a preliminary matter, I wanted to make clear, because there was an order early on in the procedure matter, and also a caption of the case that was signed by the clerk, implies that somehow we are here on behalf of TekNek. Actually, we are not here on behalf of TekNek. We are adverse to both SBI and to TekNek and its insiders. I wanted to make sure, because there was an order on April 1st that referred the trustee as being TekNek. We are not. We are adverse to them. I wanted to first address, if I could, the issue of the court's jurisdiction. In the brief that was filed by SBI, they said that this court really does no longer have jurisdiction because the California court vacated the order that was on appeal. We believe there's three independent reasons why this court retains jurisdiction. First is, without a remand by this court, I don't believe that the district court had jurisdiction to vacate an order that was on appeal. I don't think that a district court can vacate an order that's on appeal and deprive this court of its appellate jurisdiction, nor can it deprive a litigant of its day in court. As the court is undoubtedly aware, we did not participate in the case in California. We filed an appeal because we felt- Because I don't understand from a big picture, why are you here? What you want us to do, as I understand it, the only remedy you're seeking from us is what? To say that that order shouldn't have been dismissed? I think that's the exact opposite, right? You actually want us to vacate the original order. Yes, Your Honor. That's subsequently been dismissed. So what is your remedy? You want us to do something that the district court already did that took it out of play. I understand Your Honor's point. Let me respond to it. First of all, the order was a violation of the automatic statute. It has independent legal significance when it was entered, regardless of its statement, regardless of whether or not the district court can vacate an order that's on appeal without being remanded by this court and take away the trustee's right to have his day in court. So there's a violation of the automatic state by the entry of the order. No, no. If we vacate the order that was entered and this goes back down to the district court, what happens? Because the Northern District of Illinois already reversed the move. It seems to me that your trouble is exclusively with what happened in the Northern District of Illinois, which is why you appealed it up to the Seventh Circuit. And that seems to be the appropriate avenue for your appeal, but I don't see why you're in our courtroom today. Okay. The Seventh Circuit appeal and this appeal have some overlapping issues, but they're really about different things. And if I can explain. The Seventh Circuit appeal deals with the validity of the injunction entered by the bankruptcy court under Section 105 of the Bankruptcy Act. It deals with the scope of the bankruptcy court's jurisdiction under 28 U.S.C. 1334 to issue the injunction. It also deals with the trustee's standing under Cope Refining to prosecute alter ego in piercing the corporate bail claims against the technic insiders. Bankruptcy is sometimes counterintuitive, but in the Seventh Circuit, under Illinois law Who are the creditors against the bankrupt entity? There are In addition to SDI, what else is out there? There are two other creditors. There's an insider creditor, and then there was a tort claim that filed a motion to modify the state to pursue claims against the insurance company, and I suppose that the efficiency claim will come back to the bankruptcy court. In addition, Your Honor, there are a host of administrative expenses that are entitled to be paid. What administrative expenses? There would be the trustee's fees. See, that's what this case is all about. This case is all about lawyer greed. You want the 25%. It just baffles me. SDI, legitimate patentee, had a claim. I feel sorry for them being dragged into court here today, and I don't see how we have jurisdiction, and I'm incredibly frustrated at sitting here. Well, Your Honor, if I can maybe go through the rest of our analysis, Your Honor. I don't believe that the district court's vacation of the underlying order, they had jurisdiction, so the case is still alive for you. Secondly, as I said before, there is an independent violation of the automatic stay, and under this court's decision in Bronson, violations of the automatic stay are not void. They're voidable. We have no avenue of relief other than to come to this court on a direct appeal. We don't think that we can collaterally attack the California district court's order. How is the automatic stay violated? In two ways, Your Honor. First of all, under 362A1, there's an automatic stay that prohibits actions against the debtor. Now, this order basically identified the debtor as one of the parties against which the injunction lay. So that's a violation immediately. But there's a second violation under 362A1 dealing with, quote, the debtor. And as this court has found, the debtor and Kenneth Hamilton and Holdings are alter egos, meaning they're one and the same entity. They're one and the same entity legally. And we cited a Fifth Circuit case, the SI acquisition case, that in turn relied upon Robbins, H. Robbins, the Fourth Circuit case, that basically says when you have a special circumstance like this where there's an alter ego or something akin to that, 362A1 would also apply to the alter egos. Let me ask you, what's the result if we vacate the order? It goes back and the money's been paid? Well, Your Honor, I think the Seventh Circuit certainly will deal with the consequences of the settlement. What we want to do, Your Honor, is prevent Judge Carter's order, the District Court of California, from being used against us. And that goes to the collateral consequences. How can it be used against you if it's not there anymore? Well, it's being used right now in the Seventh Circuit. We cited to you the portion of the SDI brief that even though the order is vacated, they're using it in the Seventh Circuit, wholesale relying on it, to convince the Seventh Circuit that Judge Pallmeyer was correct. Well, the Seventh Circuit might just say, well, you know, the order's been vacated. That's the end of it. We can't, I mean, I guess we can't place a decision on an argument that the party's making a brief. Well, let me go to a second point. We have an existing claim against SDI in the Bankruptcy Court for violating the automatic state. The Bankruptcy Court has already found that continuation of the case in California was a violation of the state. We cited to the appendix at 2755. What you're saying, sir, in a way reinforces what I think Judge Moore was saying in the discussion. Isn't all this stuff to be thrashed out in the bankruptcy proceedings in the Northern District of Alabama, Illinois, and then perhaps in the Seventh Circuit? Now, I can't attack the California court's order. I mean, I'm citing Solitex for saying the California court couldn't ignore the injunction, collaterally attack the injunction. I can't very well collaterally attack the California court's order in the Bankruptcy Court. You know, the Sixth Circuit in the Child versus Hospital Staffing Services case talked about this indicative. And normally what happens is that there is a dispute or a disagreement between a state judge or state court and a bankruptcy judge based on the scope of the automatic state. And normally under supremacy law, supremacy clause, the bankruptcy judge's determination is the one that is controlling. Here we have two federal courts. The Bankruptcy Court is a unit of the Illinois District Court. So I've got a unit of the Illinois District Court saying the state does apply. I've got a unit of the California District Court saying the state doesn't apply. So I can't very well attack and didn't attack the District Court's order from California in the Seventh Circuit. Counselor, are you familiar with our Nestappa versus Delta Scientific Corporation case? I'm sorry, Your Honor. Let me read you a quote for it from it. If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief, whatever, to a prevailing party, the appeal must be dismissed as moot. And it goes on to say the test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties as distinct from their psyches, which might remain deeply engaged with the merits of the litigation. Yes, Your Honor. That's generally mootness principle. And when we say that there's three reasons this case is not moot, first, there is no jurisdiction to deprive this court and this trustee of its name in court. You want us to vacate an order, or sorry, a return to order that's been vacated. At the very least, Your Honor, at the very least, we want an order that of the type that was described by the Supreme Court in the Munsonware case. And I also believe it's consistent with this circuit's jurisprudence on the issue that the order has no precedential effect because there's another claim. It's been vacated. The order can't have any precedential effect. It's been vacated, counsel. No court could treat that order as having any precedential effect. But, Your Honor, it's already being used. Both in the Seventh Circuit, we've got another claim. You're obviously a skillful advocate. I listened to the Seventh Circuit argument. It came up and was discussed that it was vacated. They're not under a disillusion. It's not the case that the appeal went forward and the Seventh Circuit is unaware of the fact that the order has been vacated. But there's a claim that's pending right now in the bankers' court that says— And I have no doubt you'll make them aware of the fact that the order has been vacated as well. Your Honor, we will. But what I'm saying is I've got two courts, two federal courts, that do not— that contradict each other. I can't attack—I can't say that the— I can't attack the California court's order directly other than in this court, which is the only reason that we're here. But there's another collateral consequence. It doesn't work. It doesn't exist. It was vacated. What effectual relief are we going to give you? Your Honor, if nothing else, if nothing else, we would like an order from this court saying that it has no precedential effect as the Muncie court, the Supreme Court, and this court also, in one of its decisions, has said would be appropriate— Is there a court case you can cite to me that indicates that a vacated order does in fact have precedential effect? Because if you could cite me some cases along those lines, then maybe we could grant you effectual relief. Well, Your Honor, I don't have a particular case today about— Are you aware of any? Even if you can't remember the name. What I'm saying to you is that there's a claim right now that this affects. And let me explain one other claim that we have against the technical insiders. When the trustee reached a settlement agreement with the insiders, they basically repudiated that agreement after Judge Carter entered his order and Judge Pallmeyer followed suit and entered her order. We will have a claim against the insiders for breach of the contract. They have already told me that they are going to be using Judge Carter's order as a defense, as justification, because they were compelled to continue with the payment and the California proceeding. And therefore, they were caught between the bankruptcy court and the California court, and they feel that they will have a justification defense to proceed. And they will have a defense to a breach of contract case. So we do, Your Honor, cite cases about the collateral consequences rule. And whether the order is now vacated—it wasn't vacated because it was wrong. It wasn't vacated because it was improper. It was vacated because it fulfilled its purpose. And I did want to get back to— You said there were three reasons. You said the district court did not have jurisdiction. The second was that the original order that's now been vacated represented a violation of the automatic statute. Yes, sir. What was the third reason? The third reason is the collateral consequences doctrine. And we believe that there will be collateral consequences, because that order is going to be used—it has been used and will be used—on existing claims and future claims. And at the very least, Your Honor, I think we're entitled to a decision or an indication that the order does not have presidential— Okay, well, you've said that about three or four times. Sorry. You've used almost all of your rebuttal. We'll give you a couple minutes. Thank you, Your Honor. Mr. O'Connor. Thank you, Your Honor. May it please the Court, this is my fourth appeal on the same case before this Court alone. This case is pleading my client in attorney's fees. This appeal is clearly frivolous. There's no basis for it whatsoever. So I want to address real fast a couple of the misstatements that were made. First of all, there's only one claimant. That's my client. If you look at the perfected claims in the bankruptcy court, you'll find my client's name and my client's name alone. Secondly, the trustee on whose behalf this was originally filed has resigned from this case. And I think as the Seventh Circuit—I'm glad you had an opportunity to hear the argument correctly—understood, this case is about William Green. This is about these lawyers saying, I don't want that case settling over there. If I can move it from Judge Carter to the bankruptcy jurisdiction, same identical settlement, I can put 25 percent in my pocket. That's wrong, and it's unfair. How does that work? Why is that the case? You said they can put 25 percent in their pocket. Why is that? They have a contingency agreement. That's something. They get 25 percent of whatever's collected. So they can move that $4 million out of Judge Carter's courtroom, which they did. This was a scheme. They went into the bankruptcy court. They had an injunction based on clearly misrepresentations about Judge Carter's decision. They used that to stop the settlements that was going on in Judge Carter's courtroom and Judge Maldisado. And then they went to the underlying defendants and got the same settlement agreement that we had. And they said, look at this. We've settled the case, Judge. We want the money paid here, and we want our 25 percent. That's what that was all about. With regard to the automatic stay, that's obviously a completely incorrect analysis of automatic stays. Automatic stays apply only to actions against the bankrupt company or its indirect assets. And this automatic stay had nothing to do with that. So I'm almost coming at it at a loss for words here because I don't even know how to address why they filed this or what possible basis they have here. But what I would ask for, plead on behalf of my clients, is that sanctions be awarded because this is just not fair to my client. This is clearly a frivolous lawsuit. It's just one more attempt to try to fund it. And what they're hoping is you'll come down with a decision that would be contrary to the settlement service decision, and they can somehow use that. I don't know how to still force this settlement agreement. And that's one. It's just not fair. I think I have no time left. Thank you very much. Thank you. If I could, I wanted to respond just briefly. The injunction was not secured by the industry representation. The injunction was entered on June 26th. The scrivener's error, Your Honor, is explained fully and is documented in note 12 of our holding agreement, note 4 of our reply agreement. What happens when we submitted the order after the injunction was entered to conform to the court's order, we combined inadvertently two paragraphs, where the other order only had the one paragraph. It was a misattribution. It was purely innocent of the court that already ruled. And I wanted to just say that. As far as the compensation arrangement, Your Honor, there was no money in the estate. We were called in basically on an emergency basis by the trustee. We came in two years after the case was spotted. We negotiated our arrangement with the U.S. trustee's office, which is the Department of Justice. There was no money in the estate to pay, so we didn't know. And then what we did is we entered the motion and continued it for five weeks. So there was a second hearing. SDI did not appear at that hearing. We brought to the court's attention the objection that SDI filed, and SDI, you know, did not show up. The judge overruled it. But I do want to get back to Judge Stahl's question about the violation of the automatic state. We talked about 362A1 with respect to the debtor and the alter egos. There's also a 362A3 violation, and that's dealing with the property of the estate. One claim that the debtors have under the Co-Compiling of the Seventh Circuit is we have a right to pierce the corporate veil of the debtor and to seek recovery for all of the liabilities of the estate from the insiders, including the $4 million that was awarded to SDI for which they filed a claim in the bankruptcy case. So when the alter egos satisfied their judgment and paid only SDI and paid no money to the trustee, our claim is extinguished. They can't be made to pay twice. So because there was a joint liability, our claim was extinguished when the payment was made. So that's the second aspect of the state violation. So there's 362A1 and 362A3. The third thing around it is that I think under Celotex, under this court's decision, you know, to start, you cannot collaterally tap injunctions. So I think that the original order that was entered by Judge Pratt did violate the Celotex rule. And in that regard, I think we're also entitled to say that the order was void when it was entered. Under Bronson, the jurisprudence here is that the order would only be given- Wait a minute, Judge Pratt. Thank you. Thank you.